IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES ARNES ERBY ) | |
| ) | |
| Petitioner, ) | |
| V. ) | Criminal No. 1:05CR151 |
| ) | Civil Action No. 1:14CV1133 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This case is before the Court on the Petitioner's Motion to Vacate and Correct his Sentence pursuant to Title 28, United States Code (U.S.C.), Section 2255.

On April 13, 2005, a federal grand jury in the Eastern District of Virginia returned a one- count indictment against Petitioner. On June 9, 2005, the grand jury returned a two-count Superseding Indictment against Petitioner. On November 10, 2005, the grand jury returned a Second Superseding Indictment against Petitioner. The Second Superseding Indictment charged him with: (1) being a felon in possession of a firearm and ammunition on or about October 16, 2004, in Spotsylvania, Virginia, in violation of 18 U.S.C. § 922(g)(1); (2) being a felon in possession of a firearm and ammunition on or about December 30, 2004, in Springfield, Virginia, in

violation of 18 U.S.C. § 922(g)(1); (3) conspiracy to distribute ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (4) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

On January 17, 2006, after a three day trial, a jury convicted the Petitioner of all four counts of the Superseding Indictment. The probation officer determined that the Petitioner's base offense level was 43, based on the murder of James Ridley. See U.S.S.G. §§1B1.3(a)(1)(A), 2K2.1(c)(1)(B), 2A1.1(a). Ridley's murder was the factual basis for count two of the Superseding Indictment, and also part of the Petitioner's relevant conduct. The probation officer also applied a two-level enhancement for obstruction of justice, based on the Petitioner's threats to and intimidation of witnesses. As a result, the total offense level was 45. U.S.S.G. § 3C1.1. Because Erby's criminal history was category IV, the Guidelines range was life imprisonment. U.S.S.G. § 5A (sentencing table). At sentencing the Government recommended that the Petitioner be sentenced to life imprisonment on count four, the only count implicated by the Petitioner's Motion.

On May 12, 2006, the Court sentenced the Petitioner to a 120 month term of imprisonment on count one, 120 month term of imprisonment on count two, 240 month term of imprisonment on count three, and life imprisonment on count four. The terms of

imprisonment on counts one, two and three were to be served concurrently, while the term of imprisonment on count four was to be served consecutively.

On May 18, 2006, the Petitioner filed a Notice Of Appeal. The U.S. Court of Appeals for the Fourth Circuit affirmed his conviction and sentence on August 27, 2007. United States v. Erby, 246 Fed. App'x 228 (4th Cir. 2007). The Petitioner filed his first *pro se* Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 on September 22, 2010. The Petitioner's Motion was denied on March 7, 2011. The Petitioner appealed the denial, without seeking a Certificate of Appealability. The Fourth Circuit denied him a Certificate of Appealability and dismissed the appeal. United States v. Erby, Case No. 11-6458 (4th Cir. August 30, 2011).

The Petitioner filed the instant Motion under 28 U.S.C. § 2255 on August 25, 2014, based on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). The Petitioner's Judgment of Conviction became final before the Supreme Court decided Alleyne. Before filing the Motion with this Court, there is no evidence that the Petitioner sought, or obtained, permission from the Fourth Circuit to file this successive Motion, as provided in 28 U.S.C. § 2244. See 28 U.S.C. § 2255(h).

3

The Petitioner appears to argue that <u>Alleyne</u> required the Government to charge the elements of "brandishing" and "dischargeing" a firearm and prove them to the jury as elements of 18 U.S.C. § 924(c) (count four), even though neither the Court's calculation of the guidelines range for count four, nor the sentence imposed by the Court on count four, was based on the brandishing or discharging of a firearm.

The Petitioner's Motion should be denied because there is no evidence that he has obtained a certification to file a successive § 2255 Motion. Section 2255(h) requires that a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Section 2244 requires a defendant seeking to file a second or successive motion to move the court of appeals for an order authorizing the district court to consider a second or successive application. 28 U.S.C. § 2244(b)(3). In this case, there is no evidence that the Petitioner filed a motion seeking leave with the Fourth

Circuit, or that the Court of Appeals certified a successive § 2255 Motion.

Even if Petitioner had requested leave to file a successive petition with the Fourth Circuit, he would not have been entitled to a certification because the Supreme Court has not made Alleyne retroactively applicable to cases on collateral review. For successive petitions, §2255(h) requires that the basis for the petition be "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

In Alleyne, the Supreme Court held that any fact which, by law, alter the prescribed range of sentences to which a defendant is exposed is an element that must be submitted to a jury and found beyond a reasonable doubt, including any fact that increases the mandatory minimum. Id. at 2155. In so holding, the Supreme Court relied on its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Alleyne, 133 S. Ct. at 2155, 2158-59.

As the Fourth Circuit noted in United States v. Stewart, 540 Fed. App'x 171 (4th Cir.2013), the Supreme Court has not made Alleyne retroactively applicable to cases on collateral review. United States v. Stewart, 540 Fed. App'x at 172 n.1. Absent such a holding, a new rule is not retroactive to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 663 (2001);

5

see also Dodd v. United States, 545 U.S. 353, 359 (2005). Thus, assuming that the Fourth Circuit does find Alleyne announced a new rule of constitutional law, the Petitioner still cannot satisfy §2255(h)'s requirement that the new rule have been "made retroactive to cases on collateral review by the Supreme Court."

In Alleyne, the mandatory minimum sentence was increased because the district court found that the defendant "brandished" a firearm in connection with a crime of violence. 133 S. Ct. at 2156. In holding that "brandishing" was an element of 18 U.S.C. § 924(c) that must be found by a jury beyond a reasonable doubt, the Supreme Court explained that this fact increased the "legally prescribed floor," because of the mandatory minimums set forth in § 924(c)(1)(A).

In this case, the guidelines' range and the sentenced imposed on count four were not based on facts that had to do with the legally prescribed minimum or maximum for § 924(c), such as whether a firearm was "brandished" or "discharged." Rather, both were based on the murder of James Ridley, which was the factual basis underlying count two of the Second Superseding Indictment. The jury found the Petitioner guilty of count two. The guidelines range of life imprisonment for the § 924(c) charge in count four arose because of the cross-reference to the murder under § 2A1.1 of the U.S. Sentencing Guidelines. See U.S.S.G. §§ 1B1.1(3)(a)(1)(A), 2K2.1(c)(1)(B), 2A1.1(a). As

the Supreme Court explained in <u>Alleyne,</u> its decision did not limit a trial court's discretion to set a "specific punishment within the bounds that the law has prescribed." 133 S. Ct. at 2163. Because the facts that the Court relied upon in sentencing the Petitioner only determined the appropriate sentence within the permissible statutory range, rather than set the punishments available under the statute, <u>Alleyne</u> does not apply.

For these reasons the Petitioner's Motion to Vacate, Set Aside And/Or Correct His Sentence pursuant to Title 28 U.S.C. Section 2255 should be denied.

An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT COURT

Alexandria, Virginia
August 6, 2015